# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-344-APG-NJK |
| Plaintiff | **Order Denying Motion for Sentence Reduction** |
| v. | [ECF No. 103] |
| JULIO BERRIOS, | |
| Defendant | |

Defendant Julio Berrios pleaded guilty to Conspiracy to Distribute a Controlled Substance and was sentenced to 78 months in custody.  He has served 19 months so far.  He now moves for reduction of his sentence due to the COVID-19 virus. ECF No. 103.  The United States opposes.

The compassionate-release statute allows for reduction of a sentence based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).  If such reasons exist, the judge also must consider the factors in 18 U.S.C. § 3553(a) "to the extent they are applicable." *Id.*  And a sentence reduction must be consistent with the policy statements issued by the Sentencing Commission, including the requirement that the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

No doubt, COVID-19 presents a risk to incarcerated people.  Berrios is at increased risk because he suffers from diabetes.  FCI Phoenix, where Berrios is incarcerated, has no active cases of COVID-19, and is taking steps to avoid introducing the virus into the facility and containing it if that happens.  There is no evidence that if detainees become infected, FCI Phoenix cannot isolate and treat them, either internally or with outside help.  Admittedly, this is no guarantee that Berrios and other inmates will not be exposed to the virus.  But there is no

guarantee that Berrios will remain virus-free if he is released on home confinement, as he could acquire the virus from his family members as they go about their lives. And if Mr. Berrios is already infected, his release puts others at risk as he could spread it to those he lives or interacts with.

COVID-19 also presents a risk to citizens who are not incarcerated. Releasing Berrios requires him to be transported, which increases the risk of exposure for the U.S. Marshal's service (or his family members if he privately transports). And release increases the risk of exposure for probation officers who would have to set up and continue monitoring him while on supervised release.

In addition, Berrios is a danger to the community based on his criminal history. He is a member of the 18th Street criminal gang and conspired with members of that gang to sell a large amount of cocaine and methamphetamine. Several guns were found in the vehicle when he was arrested. He has a lengthy criminal history of misdemeanors, many of which are serious. He has repeated arrests and convictions for domestic battery. And several times he did not appear in court for hearings, so warrants had to be issued for his arrest. That strongly suggests he would not abide by strict conditions of quarantining and home detention.

With regard to his crime of conviction, Berrios was a leader in the conspiracy and the main contact point for the drug sales. Despite that, he was able to plead guilty to lesser offenses, avoid a mandatory 10-year minimum sentence, and received a further reduction under the Sentencing Guidelines for a group plea.

Berrios apparently has been a model inmate during his incarceration, working in the kitchen and trying to take classes (which have been suspended due to the pandemic). I am glad he is doing this, and it provides some mitigation for his criminal history. But it is not enough to

outweigh the § 3553(a) factors to justify reducing his sentence by three-fourths.  Releasing him now would amount to a 13-level downward variance (on top of the reductions he received at sentencing), which would create an unwarranted sentence disparity among his co-conspirators and other defendants guilty of similar conduct.  The low-end guidelines sentence he received was and remains sufficient but not greater than necessary under the § 3553(a) factors.

Berrios does not present compelling or extraordinary reasons to justify a reduction of his sentence.  And he is a danger to the community.  He thus does not qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

I THEREFORE DENY Julio Berrios' motion (ECF No. 103) without prejudice.

DATED this 24th day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE